# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MONTA ORLANDO JORDAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00214 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JOSEPH FLIPPIN, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Monta Orlando Jordan, Pro Se Plaintiff; Timothy R. Spencer,* ROANOKE CITY ATTORNEY'S OFFICE, *Roanoke, Virginia, for Defendant Flippin; Justin M. Lugar, Assistant United States Attorney, Roanoke, Virginia, for Defendants Sloan, Crowder, and United States of America.*

The plaintiff, Monta Orlando Jordan, a Virginia inmate proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Jordan alleged that the defendant law enforcement officers violated his Fourth Amendment rights by unlawfully entering his home without a search warrant and damaging, taking, or tampering with his property. After carefully summarizing and considering Jordan's allegations and evidence, I granted the defendants' Motions to Dismiss. *Jordan v. Flippin*, No. 7:19CV00214, 2020 WL 1076048 (W.D. Va. Mar. 6, 2020). Specifically, I held that Jordan had failed to meet his burden under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain

sufficient *factual* matter, accepted as true, to state a claim to relief that is plausible on its face." (emphasis added)).[1]  *Id.* at *4.  Jordan has moved to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  I have reviewed his arguments, and I conclude that his motion must be denied.

A Rule 59(e) motion "is an extraordinary remedy which should be used sparingly."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  Such a motion

> allows a litigant to file a motion to alter or amend a judgment.  The time for doing so is short — 28 days from entry of the judgment, with no possibility of an extension.  *See* Fed. Rule Civ. Proc. 6(b)(2) (prohibiting extensions to Rule 59(e)'s deadline).  The Rule gives a district court the chance "to rectify its own mistakes in the period immediately following" its decision.  In keeping with that corrective function, federal courts generally have [used] Rule 59(e) only to reconsider[ ] matters properly encompassed in a decision on the merits.  In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued.  The motion is therefore tightly tied to the underlying judgment.

*Banister v. Davis*, No. 18-6943, 2020 WL 2814300, at *2 (U.S. June 1, 2020).  Otherwise, I may grant relief under Rule 59(e) only to accommodate an intervening change in controlling law or to correct a clear error of law or prevent manifest injustice.  *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007*).*

---

[1]  I have omitted internal quotation marks, alterations, footnotes, and/or citation(s) throughout this Opinion and Order, unless otherwise noted.

Jordan's Rule 59(e) motion does not mention any intervening change in law or present "new" evidence not reasonably available to him when he filed his Complaint or his response to the Motion to Dismiss.  At the most, his current motion (like his Amended Complaint) rests on bald, conclusory allegations that based on evidence that the defendants were, at times, on his property, the court should also infer that they entered and burglarized his home on March 6, 2017, and illegally interfered with his cable and internet access on May 12, 2017.  I remain persuaded that such inferences from the evidence he presents are simply not reasonable.

Jordan also continues his complaint that he was not allowed discovery to uncover supporting evidence.  Because Jordan's claims rest on "nothing more than conclusions," however, he "has not 'unlock[ed] the doors of discovery' through which to fish for the missing elements of his claim." *Jordan*, 2020 WL 1076048, at *4 (quoting *Iqbal*, 556 U.S. at 678–79).

In a rebuttal pleading in response to the defendants' briefs in opposition to Rule 59(e) relief, Jordan claims to have evidence that admittedly was available, but was not presented to the court, before my ruling in March of 2020.  Jordan does not provide copies of this purported evidence.  Moreover, I find no likelihood that it would change my decision that Jordan's claims against the defendants are based on mere speculation, rather than on inferences reasonably supported by the factual matter he has provided.

For the stated reasons, I remain convinced that Jordan's Fourth Amendment claims against the defendants were rightfully dismissed. Therefore, it is **ORDERED** that the motion, ECF No. 77, is DENIED.

ENTER: June 5, 2020

/s/  JAMES P. JONES
United States District Judge